[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14450
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-80020-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE VELAZQUEZ-TORNET,
a.k.a. Enrique Velazquez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2009)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Enrique Velazquez-Tornet appeals his sentence of 60 months' imprisonment, the statutory mandatory minimum penalty, arguing that it violated his equal protection and Eighth Amendment rights.  For the reasons set forth below, we affirm.

**I.**

Pursuant to a written plea agreement, Velazquez-Tornet pled guilty to four counts of bringing undocumented aliens into the United States for the purpose of financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 (Counts Two, Four, Five, and Eight).

The probation officer prepared a pre-sentence investigation report ("PSI"), where he determined that Velazquez-Tornet had a guideline range of 12 to 18 months' imprisonment.  However, the probation officer also determined that, with respect to Counts 5 and 8, Velazquez-Tornet was subject to the statutory mandatory minimum sentence of 60 months' imprisonment under § 1324(a)(2)(B)(ii), which became his guideline sentence under U.S.S.G. § 5G1.1(b).

Velazquez-Tornet objected to the PSI, arguing that he was entitled to a minor-role reduction and that application of the five-year statutory mandatory minimum penalty violated his equal protection and Eighth Amendment rights.

2

At sentencing, the court began by stating that it had reviewed the PSI and the objections to the PSI, at which point the following colloquy took place:

> DEFENSE COUNSEL: Judge, if I might. I'm going to interrupt because I'm withdrawing those objections. I've spoke to [the prosecutor], and we were able to resolve them. This is going to be a real easy sentencing. There are no objections. . . .
>
> COURT: So the objections are withdrawn?
>
> DEFENSE COUNSEL: Yes.

Defense counsel then informed the court that Velazquez-Tornet understood that he was subject to the five-year statutory mandatory minimum sentence. The court thereafter sentenced Velazquez-Tornet to 36 months' imprisonment on Counts 2 and 4, and 60 months' imprisonment on Counts 5 and 8, to run concurrently. Defense counsel stated that he had no objections to the sentence.

## II.

On appeal, Velazquez-Tornet argues that the applicable five-year statutory mandatory minimum penalty violates equal protection because it makes irrational and arbitrary classifications among offenses and that it violates the Eighth Amendment's prohibition on cruel and unusual punishment. However, defense counsel affirmatively and unequivocally withdrew this exact argument at

sentencing.  As a result, this argument is deemed waived for purposes of appeal, and we do not review it.  See United States v.  Horsfall, 552 F.3d 1275, 1283-84 (11th Cir. 2008) (concluding that defense counsel's affirmative withdrawal of an objection to the PSI at sentencing precluded this Court from reviewing that argument on appeal), petition for cert. filed, (U.S. Mar. 18, 2009) (No. 08-9396).

## III.

Accordingly, we affirm Velazquez-Tornet's sentence.

**AFFIRMED.**